UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

ANDRE BROOKS and GENUINE CLARK,    :

    :

                 Plaintiffs,    :       13CV7495(AJN)

    :

        - against -    :   SECOND AMENDED COMPLAINT

    :    AND DEMAND FOR JURY TRIAL

THE CITY OF NEW YORK, SAL FLORES,    :

BRETT SCHANTZ, CESAR IMBERT,    :    ECF CASE

VICENTE PEREZ, FELIX ARANA, KELY    :

TIBURCIO, STEVEN MATTIOLI, and    :

ANTHONY MOORE, Individually and in    :

Their Official Capacities,    :

    :

                Defendants    :

------------------------------------------------------------x

        Plaintiffs, by their attorneys, MICHELSTEIN & ASSOCIATES, PLLC , complaining of the defendants, allege:

## NATURE OF THE ACTION

        1.  This is a civil rights action to redress the defendants' violation of the rights accorded to plaintiffs Andre Brooks and Genuine Clark by the Civil Rights Act of 1871, 42 U.S.C. §1983, by the Constitution of the United States, including the Fourth, Fifth and Fourteenth Amendments, and by the laws of the State of New York.

        2.  Plaintiffs Andre Brooks and Genuine Clark are citizens of the Untied States who were present at an entrance to Hylan Park in the Bronx, New York, on August 25, 2012, when New York City police officers Sal Flores, Brett Schantz, Cesar Imbert, Vicente Perez, Felix Arana, Kely Tiburcio, Steven Mattioli, and Anthony Moore arrested them, subjected each plaintiff to a pat-down search, directed the plaintiffs to lie on the ground, handcuffed them, detained them in the park for a period of time, then transported them to the 48th Precinct, where they were imprisoned, and

subsequently transported them to Bronx Central Booking, where they continued to be imprisoned until August 27, 2013, when they were released without being charged with any crime.

3. The defendants' actions were unlawful, and the plaintiffs bring this action seeking compensatory and punitive damages.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked pursuant to the Constitution of the United States, 28 U.S.C. §§1331, 1343(3) and (4), and 42 U.S.C. §§1983 and 1988, in that this is an action seeking to redress the violation of the plaintiffs' constitutional and civil rights, and 28 U.S.C. §1367(a), in that the state and federal claims arise from a common nucleus of operative facts such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) in that all of the events which give rise to the claims occurred within the jurisdiction of the United States District Court for the Southern District of New York, defendants Sal Flores, Brett Schantz, Cesar Imbert, Vicente Perez, Felix Arana, Kely Tiburcio, Steven Mattioli, and Anthony Moore can be found within the Southern District of New York, and defendant The City of New York is a municipal corporation located in the Southern District of New York which is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

6. Plaintiff Andre Brooks is a citizen of the United States who resides in the County of Bronx, City and State of New York.

7. Plaintiff Genuine Clark is a citizen of the United States who resides in the County of Bronx, City and State of New York.

8. Defendant The City of New York is, and at all times relevant herein was, a municipal corporation created under the laws of the State of New York.

9. At all times relevant herein, defendant The City of New York maintained a police department.

10. Defendant Sal Flores is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

11. At all times relevant herein, defendant Sal Flores was acting within the scope of his employment by defendant The City of New York.

12. Defendant Brett Schantz is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

13. At all times relevant herein, defendant Brett Schantz was acting within the scope of his employment by defendant The City of New York.

14. Defendant Cesar Imbert is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

15. At all times relevant herein, defendant Cesar Imbert was acting within the scope of his employment by defendant The City of New York.

16. Defendant Vicente Perez is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

17. At all times relevant herein, defendant Vicente Perez was acting within the scope of his employment by defendant The City of New York.

18. Defendant Felix Arana is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

19.  At all times relevant herein, defendant Felix Arana was acting within the scope of his employment by defendant The City of New York.

20.  Defendant Kely Tiburcio is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

21.  At all times relevant herein, defendant Kely Tiburcio was acting within the scope of his employment by defendant The City of New York.

22.  Defendant Steven Mattioli is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

23.  At all times relevant herein, defendant Steven Mattioli was acting within the scope of his employment by defendant The City of New York.

24.  Defendant Anthony Moore is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

25.  At all times relevant herein, defendant Anthony Moore was acting within the scope of his employment by defendant The City of New York.

## NOTICES OF CLAIM

26.  On October 9, 2012, and within 90 days of the accrual of his causes of action herein, plaintiff Andre Brooks served on the Comptroller of the City of New York a Notice of Claim setting forth the time when, the place where and the manner in which his claims arose.

27.  On November 21, 2012, and within 90 days of the accrual of his causes of action herein, plaintiff Genuine Clark served on the Comptroller of the City of New York a Notice of Claim setting forth the time when, the place where and the manner in which his claims arose.

28.  More than thirty days have elapsed since the plaintiffs' Notices of Claim were served upon defendant The City of New York and said defendant has neglected and/or refused to make an

adjustment or payment.

## STATEMENT OF CLAIMS

29.  Plaintiffs incorporate by reference paragraphs 1 through 28 of this complaint as though the same were set forth fully herein.

30.  On the night of August 25 - August 26, 2012, plaintiffs Andre Brooks and Genuine Clark were lawfully present at an entrance to Hylan Park located on Crotona Park East, near the intersection of Waterloo Place, in the Bronx, New York.

31.  On the night of August 25 - August 26, 2012, defendants Sal Flores, Brett Schantz, Cesar Imbert, Vicente Perez, Felix Arana, and Kely Tiburcio stopped plaintiffs Andre Brooks and Genuine Clark at gunpoint.

32.  Defendants Sal Flores, Brett Schantz ,Cesar Imbert, Vicente Perez, Felix Arana, and Kely Tiburcio directed the plaintiffs to lie on the ground.

33.  Defendants Sal Flores, Brett Schantz, Cesar Imbert, Vicente Perez, Felix Arana, and Kely Tiburcio handcuffed the plaintiffs.

34.  In the course of arresting the plaintiffs, defendants Sal Flores, Brett Schantz, Cesar Imbert, Vicente Perez, Felix Arana, and Kely Tiburcio subjected each plaintiff to a pat-down search and a search of his pockets.

35.  Defendants Sal Flores, Brett Schantz , Cesar Imbert, Vicente Perez, Felix Arana, and Kely Tiburcio detained the plaintiffs under arrest, handcuffed and lying on the ground, for approximately 30 minutes.

36. Defendants Sal Flores, Brett Schantz, Cesar Imbert, Vicente Perez, Felix Arana, and Kely Tiburcio did not have a warrant or other legal process authorizing the arrest of plaintiff Andre Brooks.

37. Defendants Sal Flores, Brett Schantz, Cesar Imbert, Vicente Perez, Felix Arana, and Kely Tiburcio did not have a warrant or other legal process authorizing the arrest of plaintiff Genuine Clark.

38. The plaintiffs were subsequently transported to the 48th Precinct, where they were imprisoned.

39. Upon information and belief, defendants Steven Mattioli and Anthony Moore importuned defendants Sal Flores, Brett Schantz, Cesar Imbert, Vicente Perez, Felix Arana, and Kely Tiburcio to transport plaintiffs Andre Brooks and Genuine Clark to the 48th Precinct and to continue to imprison the plaintiffs.

40. Plaintiffs Andre Brooks and Genuine Clark subsequently were transported to Bronx Central Booking, where they were imprisoned until August 27, 2012, when they were released without being charged with any crime.

## COUNT ONE ON BEHALF OF ANDRE BROOKS
## FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

41. Plaintiffs incorporate by reference paragraphs 1 through 40 of this complaint as though the same were set forth fully herein.

42. The seizure, detention, arrest, and imprisonment of plaintiff Andre Brooks by defendants Sal Flores, Brett Schantz, Cesar Imbert, Vicente Perez, Felix Arana, Kely Tiburcio, Steven Mattioli, and Anthony Moore were made without any warrant or other legal process directing or authorizing his seizure, detention, arrest, or imprisonment.

43. The seizure, detention, arrest, and imprisonment of plaintiff Andre Brooks were made without probable cause to believe that he had committed a crime or offense.

44. The charge, if any, upon which defendants Sal Flores, Brett Schantz, Cesar Imbert, Vicente Perez, Felix Arana, Kely Tiburcio, Steven Mattioli, and Anthony Moore arrested plaintiff Andre Brooks was false.

45. The charge, if any, was made by defendants Sal Flores, Brett Schantz, Sal Flores, Brett Schantz, Cesar Imbert, Vicente Perez, Felix Arana, Kely Tiburcio, Steven Mattioli, and Anthony Moore against plaintiff Andre Brooks with knowledge that it was false.

46. Plaintiff Andre Brooks was aware of his seizure, detention, arrest and imprisonment by defendants Sal Flores, Brett Schantz, Cesar Imbert, Vicente Perez, Felix Arana, Kely Tiburcio, Steven Mattioli, and Anthony Moore .

47. Plaintiff Andre Brooks did not consent to his seizure, detention, arrest or imprisonment.

48. As a result of the foregoing, plaintiff Andre Brooks was deprived of his liberty, was imprisoned, was greatly embarrassed and humiliated, and was subjected to mental and physical distress.

49. The seizure, detention, arrest and imprisonment of plaintiff Andre Brooks deprived him of his right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States.

50. Defendants Sal Flores, Brett Schantz, Cesar Imbert, Vicente Perez, Felix Arana, Kely Tiburcio, Steven Mattioli, and Anthony Moore were acting under color of state law when they seized, detained, arrested and imprisoned plaintiff Andre Brooks.

51. Defendants Sal Flores, Brett Schantz, Cesar Imbert, Vicente Perez, Felix Arana, Kely Tiburcio, Steven Mattioli, and Anthony Moore deprived plaintiff Andre Brooks of his right to be

free of unreasonable searches and seizures guaranteed by the Fourth Amendment and his right not

to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth

Amendments of the Constitution of the United States under color of state law, in violation of 42

U.S.C. §1983, by seizing, detaining, arresting and imprisoning plaintiff Andre Brooks on a false

criminal charge.

**COUNT TWO ON BEHALF OF ANDRE BROOKS**
**MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983**

52.  Plaintiffs incorporate by reference paragraphs 1 through 51 of this Complaint as

though the same were set forth fully herein.

53.  The acts complained of were carried out by the individual defendants in their

capacities as police officers and employees of defendant The City of New York, with all the actual

and/or apparent authority attendant thereto.

54.  The acts complained of were carried out by the individual defendants in their

capacities as police officers pursuant to the customs, policies, usages, practices, procedures, and rules

of the City of New York and the New York City Police Department, all under the supervision of

ranking officers of said department.

55. Defendant The City of New York implemented, enforced, encouraged and sanctioned

a policy, practice and/or custom of arresting persons on insufficient evidence in violation of the

Fourth and Fifth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the

Constitution of the United States.

56.   The aforesaid customs, policies, usages, practices, procedures, and rules of

defendant  The City of New York include, but are not limited to, the following:

      (a)  Defendant The City of New York failed properly to train police officers in
          the standards for probable cause for the warrantless seizure and arrest of

individuals consistent with the requirements of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States;

(b) Defendant The City of New York failed properly to train police officers in the circumstances under which probable cause exists for the warrantless arrest of an individual;

(c) Defendant The City of New York failed to discipline police officers for making warrantless arrests where probable cause for an arrest did not exist;

(d) Defendant The City of New York failed properly to supervise police officers during the performance of their duties, and more particularly during warrantless arrests and during the processing of arrested individuals;

(e) Defendant The City of New York failed properly to monitor arrests made by its police officers to determine if police officers were following proper standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States;

57.  The seizure, arrest, detention and imprisonment of plaintiff Andre Brooks on a false criminal charge resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards of probable cause and the requirements for warrantless arrests.

58.  Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, practice or custom of arresting persons on insufficient evidence.

59.  Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless arrests without probable cause.

60.  Defendant The City of New York deprived plaintiff Andre Brooks of his right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth

Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing properly to train its police officers in the requirements for warrantless arrests and the standards of probable cause for warrantless arrests.

### COUNT THREE ON BEHALF OF ANDRE BROOKS
### MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

61.  Plaintiffs incorporate by reference paragraphs 1 through 60 of this Complaint as though the same were set forth fully herein.

62.  Upon information and belief, at all times relevant herein, defendant The City of New York was aware from Notices of Claim, lawsuits, claims filed with the New York City Police Department and the Civilian Complaint Review Board, and from the New York City Police Department's own observations, that defendants Sal Flores, Brett Schantz, Cesar Imbert, Vicente Perez, Felix Arana, Kely Tiburcio, Steven Mattioli, and Anthony Moore are unfit, ill tempered police officers who have the propensity to commit the acts alleged herein.

63.  Upon information and belief, defendant The City of New York failed adequately to investigate prior complaints against these officers.

64.  Upon information and belief, defendant The City of New York failed to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights.

65.  The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

66. Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Andre Brooks would be violated.

67. Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals with whom its police officers come in contact, and more particularly, the civil rights of plaintiff Andre Brooks.

68. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

69. Defendant The City of New York deprived plaintiff Andre Brooks of his right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

## COUNT FOUR ON BEHALF OF ANDRE BROOKS
## COMMON LAW ASSAULT AND BATTERY

70. Plaintiffs incorporate by reference paragraphs 1 through 69 of this Complaint as though the same were set forth fully herein.

71. Defendants Sal Flores, Brett Schantz, Cesar Imbert, Vicente Perez, Felix Arana, Kely Tiburcio, and the City of New York committed an assault and battery on the person of plaintiff

Andre Brooks in the course of conducting a pat-down search of his person.

72. As a result of the foregoing, plaintiff Andre Brooks experienced, physical discomfort and distress, emotional distress, hardship and anxiety.

## COUNT FIVE ON BEHALF OF ANDRE BROOKS
## COMMON LAW ASSAULT AND BATTERY

73. Plaintiffs incorporate by reference paragraphs 1 through 72 of this Complaint as though the same were set forth fully herein.

74. Defendants Sal Flores, Brett Schantz, Cesar Imbert, Vicente Perez, Felix Arana, Kely Tiburcio, and the City of New York committed an assault and battery on the person of plaintiff Andre Brooks in the course of handcuffing him.

75. As a result of the foregoing, plaintiff Andre Brooks experienced pain, physical discomfort and distress, emotional distress, hardship and anxiety.

## COUNT SIX ON BEHALF OF ANDRE BROOKS
## COMMON LAW FALSE IMPRISONMENT

76. Plaintiffs incorporate by reference paragraphs 1 through 75 of this Complaint as though the same were set forth fully herein.

77. Defendants Sal Flores, Brett Schantz, Cesar Imbert, Vicente Perez, Felix Arana, Kely Tiburcio, Steven Mattioli, Anthony Moore and The City of New York falsely imprisoned plaintiff Andre Brooks by seizing, detaining, arresting and imprisoning him on a false criminal charge.

78. As a result of the foregoing, plaintiff Andre Brooks was deprived of his liberty, was imprisoned, and was subjected to mental and physical distress, embarrassment and humiliation.

## COUNT SEVEN ON BEHALF OF GENUINE CLARK
## FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

79. Plaintiffs incorporate by reference paragraphs 1 through 78 of this complaint as

though the same were set forth fully herein.

80. The seizure, detention, arrest, and imprisonment of plaintiff Genuine Clark by defendants Sal Flores, Brett Schantz, Cesar Imbert, Vicente Perez, Felix Arana, Kely Tiburcio, Steven Mattioli and Anthony Moore were made without any warrant or other legal process directing or authorizing his seizure, detention, arrest, or imprisonment.

81. The seizure, detention, arrest, and imprisonment of plaintiff Genuine Clark were made without probable cause to believe that he had committed a crime or offense.

82. The charge, if any, upon which defendants Sal Flores, Brett Schantz, Cesar Imbert, Vicente Perez, Felix Arana, Kely Tiburcio, Steven Mattioli and Anthony Moore arrested plaintiff Genuine Clark was false.

83. The charge, if any, was made by defendants Sal Flores, Brett Schantz, Cesar Imbert, Vicente Perez, Felix Arana, Kely Tiburcio, Steven Mattioli and Anthony Moore against plaintiff Genuine Clark with knowledge that it was false.

84. Plaintiff Genuine Clark was aware of his seizure, detention, arrest and imprisonment by defendants Sal Flores, Brett Schantz, Cesar Imbert, Vicente Perez, Felix Arana, Kely Tiburcio, Steven Mattioli and Anthony Moore.

85. Plaintiff Genuine Clark did not consent to his seizure, detention, arrest or imprisonment.

86. As a result of the foregoing, plaintiff Genuine Clark was deprived of his liberty, was imprisoned, was greatly embarrassed and humiliated, and was subjected to mental and physical distress.

87. The seizure, detention, arrest and imprisonment of plaintiff Genuine Clark deprived him of his right to be free of unreasonable searches and seizures guaranteed by the Fourth

Amendment and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States.

88. Defendants Sal Flores, Brett Schantz, Cesar Imbert, Vicente Perez, Felix Arana, Kely Tiburcio, Steven Mattioli and Anthony Moore were acting under color of state law when they seized, detained, arrested and imprisoned plaintiff Genuine Clark.

89. Defendants Sal Flores, Brett Schantz, Cesar Imbert, Vicente Perez, Felix Arana, Kely Tiburcio, Steven Mattioli and Anthony Moore deprived plaintiff Genuine Clark of his right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, detaining, arresting and imprisoning plaintiff Genuine Clark on a false criminal charge.

## COUNT EIGHT ON BEHALF OF GENUINE CLARK
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

90. Plaintiffs incorporate by reference paragraphs 1 through 89 of this Complaint as though the same were set forth fully herein.

91. The seizure, arrest, detention and imprisonment of plaintiff Genuine Clark on a false criminal charge resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards of probable cause and the requirements for warrantless arrests.

92. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, practice or custom of arresting persons on insufficient evidence.

93.   Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless arrests without probable cause.

94.   Defendant The City of New York deprived plaintiff Genuine Clark of his right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing properly to train its police officers in the requirements for warrantless arrests and the standards of probable cause for warrantless arrests,

## COUNT NINE ON BEHALF OF GENUINE CLARK
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

95.   Plaintiffs incorporate by reference paragraphs 1 through 94 of this Complaint as though the same were set forth fully herein.

96.   The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

97.   Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Genuine Clark would be violated.

98.   Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard

for the civil rights of individuals with whom its police officers come into contact, and more particularly, the civil rights of plaintiff Genuine Clark.

99.   Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

100.   Defendant The City of New York deprived plaintiff Genuine Clark of his right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

## COUNT TEN ON BEHALF OF GENUINE CLARK
## COMMON LAW ASSAULT AND BATTERY

101.   Plaintiffs incorporate by reference paragraphs 1 through 100 of this Complaint as though the same were set forth fully herein.

102.   Defendants Sal Flores, Brett Schantz, Cesar Imbert, Vicente Perez, Felix Arana, Kely Tiburcio, and the City of New York committed an assault and battery on the person of plaintiff Genuine Clark in the course of conducting a pat-down search of his person.

103.   As a result of the foregoing, plaintiff Genuine Clark experienced physical discomfort and distress, emotional distress, hardship and anxiety.

## COUNT ELEVEN ON BEHALF OF GENUINE CLARK
## COMMON LAW ASSAULT AND BATTERY

104.   Plaintiffs incorporate by reference paragraphs 1 through 103 of this Complaint as

though the same were set forth fully herein.

105. Defendants Sal Flores, Brett Schantz, Cesar Imbert, Vicente Perez, Felix Arana, Kely Tiburcio, and the City of New York committed an assault and battery on the person of plaintiff Genuine Clark in the course of handcuffing him.

106. As a result of the foregoing, plaintiff Genuine Clark experienced pain, physical discomfort and distress, emotional distress, hardship and anxiety.

## COUNT TWELVE ON BEHALF OF GENUINE CLARK
## COMMON LAW FALSE IMPRISONMENT

107. Plaintiffs incorporate by reference paragraphs 1 through 106 of this Complaint as though the same were set forth fully herein.

108. Defendants Sal Flores, Brett Schantz, Cesar Imbert, Vicente Perez, Felix Arana, Kely Tiburcio, Steven Mattioli, Anthony Moore and The City of New York falsely imprisoned plaintiff Genuine Clark by seizing, detaining, arresting and imprisoning him on a false criminal charge.

109. As a result of the foregoing, plaintiff Genuine Clark was deprived of his liberty, was imprisoned, and was subjected to mental and physical distress, embarrassment and humiliation.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully request that this Court grant the following relief:

A. Award the plaintiffs compensatory damages to be determined by the jury at the time of trial;

B. Award the plaintiffs punitive damages to be determined by the jury at the time of trial;

C. Award the plaintiffs reasonable attorneys' fees and costs, including the fees and costs of experts, incurred in prosecuting this action; and

D. Grant such further relief as the Court deems necessary and proper.

### JURY TRIAL DEMANDED

The plaintiffs request a jury trial on all questions of fact raised by their Complaint.

Dated: New York, New York
July 3, 2014

MICHELSTEIN & ASSOCIATES, PLLC

By: _____
Steven Michelstein (SM3323)
Attorneys for Plaintiff
485 Madison Avenue
New York, New York 10022
Email: malaw485@yahoo.com
(212) 588-0880